UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA ex rel.
JEFFREY JUDD,**

      **Relator,**

-vs-                     Case No.  3-:03-CV-241

**DENNIS MALOY, et al.,**

                         Judge Thomas M. Rose

      **Defendants.**

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN
PART DEFENDANTS' MOTION TO DISMISS (Doc. #10)**

   This matter arises from the employment and subsequent termination of Relator Jeffrey Judd ("Judd") by Defendant South Community, Inc. ("SCI"). Defendant Dennis Maloy ("Maloy") was at all time relevant the Chief Executive Officer of SCI. The Trustees of SCI (the "Board") and Gerre Wood ("Wood"), SCI's human resources director, are also named Defendants.

   Judd's Complaint asserts claims brought pursuant to the qui tam provisions of the False Claims Act ("FCA"), 31 U.S.C §3729 et seq., as well as other claims. In accordance with the FCA, Judd filed his Complaint under seal and served a copy on the United States Department of Justice. The Department of Justice subsequently declined to intervene in the case. (Doc. #7.) The Complaint was then unsealed (Doc. #8) and Judd is proceeding as the qui tam Relator.

   Judd's Complaint identifies seven causes of action. Count I is for making false certifications/billings/claims and for falsely concealing duplicate billings in violation of the

FCA. Count II is for misrepresenting MACSIS, a payer of last resort, as a primary payer in violation of the FCA. Count III is for conspiracy to submit false claims in violation of the FCA. Count IV is for retaliation in violation of the FCA. Count V is for violation of the Family Medical Leave Act ("FMLA"). Count VI is for wrongful termination in violation of Ohio public policy. Finally, Count VII is an Ohio intentional infliction of emotional distress claim.

Now before the Court is Defendants' Motion To Dismiss pursuant to Fed.R.Civ.P. 12. (Doc. #10.) This motion is fully briefed, including an Amicus Brief filed by the United States, and ripe for decision. The standards of review will first be set forth followed by an analysis of the Defendants' Motion.

### STANDARD OF REVIEW

Defendants Motion To Dismiss is for lack of subject matter jurisdiction pursuant to 31 U.S.C. §3730(e)(4)(A) and for failure to state a claim pursuant to Rule 12(b)(6). The standard of review for each will next be set forth.

<u>Subject Matter Jurisdiction</u>

The Relator bears the burden of proof of subject matter jurisdiction and all factual allegations in the complaint are accepted as true and construed in a light most favorable to Relator. *United States ex rel. Jones v. Horizon Healthcare Corp.*, 160 F.3d 326, 329 (6th Cir. 1999). Further, the FCA has a jurisdictional bar in that:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C.A. §3730(e)(4)(A). Further, the FCA defines the original source as:

> an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C.A. §3730(e)(4)(B). Essentially, the FCA "prohibits qui tam actions 'based upon' public disclosures of fraud unless the relator is an 'original source' of the information." *United States ex rel. McKenzie v. Bellsouth Telecommunications, Inc.*, 123 F.3d 935, 937 (6th Cir. 1997), *cert. denied*, 522 U.S. 1077 (1998).

Therefore, regarding a bar to subject matter jurisdiction, the Court first considers the following three questions: (1) whether there has been a public disclosure in one of the proceedings identified in the FCA; (2) whether the allegations or transactions that form the basis of Relator's claim were made in the public disclosure; and (3) whether the Relator's claim is based upon the publicly disclosed allegations or transactions. *Ex rel. Jones*, 160 F.3d at 330. If the answer to any of these first three questions is "no," subject matter jurisdiction is not barred and the inquiry ends. *Id.* If all three questions are answered "yes," the inquiry proceeds to a fourth question. *Id.* The fourth question is (4) whether the Relator qualifies as an original source. If this question is answered yes, subject matter jurisdiction is not barred. *Id.*

Regarding the first question, information is publically disclosed when it is placed in the public domain and available to anyone who requests it. *United States v. A. D. Roe Company, Inc.*, 186 F.3d 717, 724 (6th Cir. 1999)(citing *ex rel. McKenzie*, 123 F.3d at 939). For example, receipt of Freedom of Information Act disclosures and the filing of documents in court both make information available to the public. *Id.*

Regarding the second question, the jurisdictional bar applies only when the allegations of fraud or the critical elements of the fraudulent transaction were publicly disclosed. *Ex rel. Jones*,

160 F.3d at 331. Enough information must exist in the public domain to expose the fraudulent transaction. *Id.* Both the misrepresented state of facts and the true state of facts must exist in the public domain. *Id.*

Regarding the third question, "based upon" means "supported by" such that individuals who base any part of their allegations on publicly disclosed information may not bring a qui tam action. *Ex rel. McKenzie*, 123 F.3d at 940. In making this determination, the court looks to whether substantial identity exists between the publicly disclosed allegations or transactions and the qui tam complaint. *Ex rel. Jones*, 160 F.3d at 332.

Regarding the fourth question, to qualify as an original source, the relator must have direct and independent knowledge of the information on which the publicly disclosed allegations are based and must provide the government with the information prior to any public disclosure. *Ex rel. McKenzie*, 123 F.3d at 943. The requirement to provide the government with the information prior to public disclosure is fulfilled when a relator files the action under seal for the U.S. Attorney's Office to review before proceeding with the action and before the information is publicly disclosed. *Id.* The standard of review for motions to dismiss for failure to state a claim is next set forth.

## Failure To State a Claim

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)). Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of

the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, *supra*, Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim on which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). For purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987). Put another way, bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*; see also Wright & Miller, *supra*, Civil 2d §1357 at 311-318 (1990). Having set forth the standards of review, the analysis turns to Defendants' Motion.

**MOTION TO DISMISS**

Defendants' Motion To Dismiss for lack of subject matter jurisdiction will first be analyzed followed by Defendants' Motion To Dismiss for failure to state a claim upon which relief may be granted. Both branches of Defendants' Motion are opposed by the Relator.

<u>Lack of Subject Matter Jurisdiction</u>

Relator's FCA complaint is that Defendants failed to disclose the existence of several payers of first resort and that Defendants double-billed the government, both in violation of the FCA.. Defendants argue that subject matter jurisdiction over Relator's FCA Complaint is precluded by the FCA jurisdictional bar.

The first question to be considered is whether there has been a public disclosure. Defendants argue that SCI, as a non-profit organization that receives federal funds, is required to submit and/or participate in routine and regular audits of the use of those funds. Further, the audits are conducted in accordance with detailed rules and regulations imposed by the U.S. Office of Management and Budget and the audit results are regularly published by the Federal Audit Clearinghouse ("FAC") and available to the public. The Relator does not disagree with the audit requirement but argues that information submitted to the FAC is not a public disclosure.

Defendants refer the Court to the FAC's website <http://harvester.census.gov/fac> as the location where the audit information is available to the public. However, this website only provides a summary report by the private auditor and indicates that a complete audit report is available from the auditee. Further, this website provides only totals and not detailed information on federal awards expended during the year. Therefore, information regarding payers of first resort and double billing is not available on the website. As a result, Defendants have not shown

that the information upon which Relator's FCA Complaint is based is available in the public domain. The answer to the first question, based upon the argument presented in the Motion To Dismiss, is "no."

If the answer to the first questions is "no," subject matter jurisdiction is not barred and the inquiry ends. Therefore, Defendants have not shown that subject matter jurisdiction over Relator's FCA claim is barred and Defendants' Motion To Dismiss regarding subject matter jurisdiction is overruled. The analysis next turns to Defendants' Motion To Dismiss for failure to state a claim.

Failure To State a Claim

Defendants make three separate arguments regarding why portions of Relator's Complaint should be dismissed for failure to state a claim. Each will be addressed in turn.

Non-Compliance With Rule 9(b)

Regarding failure to state a claim, Defendants first argue that Relator's Complaint does not comply with Fed.R.Civ.P. 9(b).  An FCA Complaint must allege underlying facts with the particularity required by Rule 9(b). *United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 641 (6th Cir. 2003).

Rule 9(b)) requires the Relator to state with particularity the time, place and substance surrounding the fraudulent activity. *Id.* at 642. The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentations such that the Defendant can answer the claim in an informed way. *Coffey v. Foamex L.P.,* 2 F.3d 157, 162 (6th Cir. 1993).

Relator is not required to state Defendants' intent to defraud with particularity. *Ex rel. Bledsoe,* 342 F.3d at 642. However, malice, intent, knowledge and other condition of mind of a person must be averred generally. *Id.*; Fed.R.Civ.P. 9(b).

Defendants first argue that Relator has referenced broad time periods and has provided no specific times when the alleged fraud took place. The Relator responds that paragraphs 12, 13, 14 and 21 of the Complaint set forth appropriate dates.

Paragraph 12 indicates that Relator learned that Maloy was charging more than 100% of some employees' effort to various federally funded grants. Then, paragraph 13 refers to occasions in 1999 and 2001 when ADAMHS representatives instructed Maloy to not bill time through the MACSIS billing system. Paragraph 14 refers to a staff meeting held in 2001where Maloy was advised that SCI was charging more employee time to grants than was actually spent. Finally, paragraph 21 indicates that, since May 1999, Defendants submitted claims to MACSIS for payment.

Defendants next argue that Relator has not alleged the location or locations of the fraudulent activity. Relator responds that the allegations made in the complaint are evidence that all of the alleged fraudulent activities occurred at SCI while Relator was employed there.

Relator alleges that he has been an employee of SCI since 1996 and his duties included preparing budget and financial reports. (Compl. ¶11.) He further alleges that during the course of his employment, he learned that Maloy was charging more than 100% of some employees' effort to various federally funded grants. (Id. ¶13.) He also alleges that the alleged failure to bill payers of first resort took place at SCI while he was employed there. (Id. ¶¶19-21.)

Defendants final Rule 9(b) argument is that the Relator has not identified the exact activities and who specifically engaged in them. The Relator responds that the alleged fraudulent activities were the failure to disclose the existence of several payers of first resort and double billing, both in violation of the FCA. (Id. ¶¶12, 13, 14, 18, 19, 22.) Further the alleged fraudulent activities were engaged in by Maloy and the Board. (Id. ¶¶12, 19, 22.)

When the allegations are viewed as a whole, Relator has pled fraud with enough particularity to put Defendants on notice of the time, place and substance surrounding the alleged fraudulent activity and to allow Defendants to answer in an informed way. The alleged fraudulent activities were failure to disclose the existence of several payers of first resort in violation of the FCA and double billing. These activities were allegedly engaged in by Maloy and the Board at SCI while Relator was employed by SCI. Therefore, Defendants' Motion To Dismiss regarding failure to plead the FCA claims with the required particularity is overruled.

Count IV Cannot Be Brought Against an Individual

Defendants' second argument regarding failure to state a claim is that Count IV of Relator's Complaint cannot be brought against individual Defendants Maloy and Wood. The Relator responds that Count IV can be brought against individuals.

Count IV of Relator's Complaint is for retaliation in violation of 31 U.S.C. §3730(h). Section 3730(h) provides for relief for acts done by the employer. Specifically, an employee who is discriminated against in the terms and conditions of employment by his or her employer for acts done in furtherance of the FCA … is entitled to all relief necessary to make the employee whole. 31 U.S.C. §3730(h). Therefore, a retaliation claim may only be brought against an

employer. *United States ex rel. Golden v. Arkansas Game & Fish Commission*, 333 F.3d 867, (8th Cir. 2003) (interpreting 31 U.S.C. §3730(h)), *cert. denied*, 124 S.Ct. 1069 (2004).

Since a claim brought pursuant to 31 U.S.C. §3730(h) may only be brought against an employer, it may not be brought against an individual. Therefore, Defendants Motion To Dismiss regarding Count IV of Relator's Complaint against Maloy and Wood as individuals is granted. Count IV of Relator's Complaint against Maloy and Wood as individuals is dismissed.

Counts V, VI and VII Cannot Be Brought Along With FCA Claims

Defendants' third argument regarding failure to state a claim is that Counts V, VI and VII of Relator's Complaint should be dismissed because they seek strictly private individual relief and have no connection to the interests of the United States, the FCA or the underlying purposes of the FCA. The Relator disagrees.

Count V of the Complaint is for violation of the FMLA. Count VI is for violation of Ohio public policy and Count VII is for intentional infliction of emotional distress. All are common law claims and none indicate that they are brought as violations of the FCA.

A private citizen has standing to bring a civil action for a violation of the FCA on behalf of himself and the United States. *Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 774 (2000). However, the FCA does not allow Relators to bring common law claims on behalf of the United States. *United States ex rel. Walsh v. Eastman Kodak Company*, 98 F.Supp.2d 141, 149 (D.Mass. 2000). To maintain a common law claim separate from an FCA claim, a Relator must show that he was injured by actions that are independent of the actions that violated the FCA. *Id.*

In this case, the Realtor indicates that Counts V, VI and VII "each relate to and arise out of the allegations made in the qui tam complaint." (Relator's Memorandum Contra Defendants' Motion To Dismiss at 15.) Relator goes on to indicate that the FMLA claim that he brought in Case No. C-3-04-015 was brought in his individual capacity and the FMLA claim in this case is brought on behalf of the United States. (Id. at 15-16.) Therefore, Relator's common law claims are not separate from his FCA claims and he cannot maintain his common law claims.

Because he cannot maintain them independent of his FCA claims, Counts V, VI and VII of Relator's Complaint are dismissed. Defendants' Motion To Dismiss regarding Counts V, VI and VII of Relator's Complaint is granted.

## SUMMARY

Subject matter jurisdiction over Relator's FCA Complaint is not precluded by the FCA jurisdictional bar. Therefore, Defendants' Motion To Dismiss for lack of subject matter jurisdiction is OVERRULED.

Relator has pled fraud with enough particularity to put Defendants on notice of the time, place and substance surrounding the alleged fraudulent activity and to allow Defendants to answer in an informed way. Further, since a claim brought pursuant to 31 U.S.C. §3730(h) may only be brought against an employer, it may not be brought against Maloy and Wood as individuals. Finally, Counts V, VI and VII of Relator's Complaint are dismissed because they are common law claims that cannot be maintained independent of Relator's FCA claims. Therefore, Defendants' Motion To Dismiss for failure to state a claim upon which relief may be granted is GRANTED in part and OVERRULED in part.

Counts I, II, III for violation of the FCA remain to be adjudicated. Count IV for violation of the FCA also remains to be adjudicated but only against SCI.

**DONE** and **ORDERED** in Dayton, Ohio, this Fourth day of October, 2004.

                                                  s/Thomas M. Rose

                                       _____
                                            THOMAS M. ROSE
                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record